HENRY TRAMMELL AND ANOTHER V. THOMAS J. PILGRIM.

The judgment will not be reversed on account of the refusal of a continuance,
to obtain the testimony of a witness, where the answer presents no defence.

Where a note was for so many dollars, in horses, payable one day after date, in
a suit for the amount on the ground that by defendant's failure to pay in
horses, at the day, the note became payable in money, it was held that the
defendant could not be heard to allege that the agreement was that the payee
was to go to the house of the defendant at any time and receive the horses
there, at a fair valuation, and that defendant had always been ready and was
still ready to pay the amount in horses, but the payee had failed to demand
them; on the ground that it would vary the written contract.

Where the excuse for the want of the diligence required by law, was that the
witness did not reside in the county, and that the party had diligently inquired
of those most likely to know the residence of the witness, but had not been
able to ascertain it as yet, but that he expected to be able to procure his at-
tendance at the next Term, this Court said the affidavit should have disclosed
some fact to justify the expectation expressed.

Where a party seeks to excuse the want of the diligence required by law, the
sufficiency of his excuse is a matter addressed to the judicial discretion of the
Court, which will not, in general, be revised by this Court.

Error from Gonzales. Tried below before the Hon. Fielding
Jones.

Suit by defendant in error against Henry Trammell, Harrison
Askey and Alfred Bailes, on the following contract in writing:—

$560. One day after date we or either of us promise to pay
to Alfred Bailes or bearer the sum of five hundred and sixty
dollars, in horses, for value received of him this the 5th day of
April, 1856.

Indorsed by Bailes, for value received, in blank. Suit commenced Sept. 19th, 1856. The petition alleged that "the said parties have wholly failed and refused to comply with their said obligation to pay said amount by delivering to your petitioner the said amount in horses, and that by reason of their said failure, the said obligation has become a moneyed demand," &c.

Defendants Trammell and Askey answered by a general demurrer, and as follows: that at the time of making said promissory note sued on, it was expressly understood and agreed between the makers of said note, and the payee of the same, that whenever the said note became due, or at any time thereafter, the same should be paid and discharged in horses at a fair valuation, whenever the payee should demand the same; and it was agreed upon and expressly understood, that the said payee, Bailes, should go to the house of H. Askey, one of the defendants in this suit, and receive the horses there; and that the said defendants have been ready, ever and at all times, since the maturity of said note, to deliver said horses as aforesaid, whenever the payee should demand the same as agreed upon; but that the said payee, nor any one else, has ever made a demand for them ; and that they are now ready to pay the said horses as aforesaid, in accordance with the agreement aforesaid; of all which the plaintiff herein had notice and took the assignment with full knowledge of the same. On the 23d of April, 1857, the cause was called for trial; plaintiff dismissed as to Bailes; defendants Trammell and Askey moved for a continuance; motion overruled; verdict and judgment for plaintiff, &c. It appeared by bill of exceptions that it was the first application for a continuance, and was decided upon the following affidavit by Trammell:—

That they, the defendants, cannot go safely to trial of said cause at this Term of the Court, for the want of J. G. Nelson's testimony, which is material to their cause ; which said testimony they have not been able to procure, because the said witness does not reside in this county ; that they have used due diligence to procure said testimony by inquiring of those most likely to know the residence of said witness, but have not been able to ascertain the place of his residence as yet; that said witness is not absent by the procurement of said defendants, and that they expect to be able to procure his attendance by the next Term of this Court; and that this continuance is not sought for delay but that justice may be done.

*Hutchinson* and *Parker*, for plaintiffs in error, cited Hipp v. Bissell, 3 Tex. R. 18; Hipp v. Huchett, 4 Id. 20; Hunter v. Waite, 11 Id., and argued that it would have been useless to incur costs by issuing process. (Payne v. Cox, 13 Tex. R. 480.)

*Harwood & McKean,* for defendant in error.

WHEELER, J. The application for a continuance was rightly overruled, for two reasons: First, the answer presented no valid defence to the action. The defendant could not set up a parol agreement contemporaneous with the making of the note to vary its legal effect; and this is what he seeks by his answer to do. We must suppose the object of obtaining the testimony of the witness was to prove the averments of the answer. But as such evidence would not have been admissible, there was no error in refusing a continuance to enable the defendant to procure it. And, in the next place, the affidavit does not show any legal diligence, or any reasonable ground to believe that the testimony of the witness will be obtained at another Term of the Court. The statement that he expects to procure his attendance is a mere conclusion of his own, not warranted by any facts disclosed to entitle it to credence. Where a party seeks to excuse the want of the diligence required by law, the sufficiency of his excuse is a matter addressed to the judicial discretion of the Court, which will not, in general, be revised by this Court.

There is no error in the judgment.

Judgment affirmed.