Harrison v. Cotton.

The legal principles applicable to this case are developed in the case of McCoy v. The State, just decided.

Judgment affirmed.

R. P. HARRISON v. THOMAS COTTON.

It is undoubtedly the correct practice for the party who seeks a reversal -of a judgment for the refusal to grant a continuance, to reserve the point by a *bill of exceptions;* this court has repeatedly declined to revise such rulings, for the want of compliance with this rule. See the opinion for the reason of the rule.

ERROR from Brazoria. Tried below before the Hon. George W. Smith.

Suit by Thomas Cotton against R. P. Harrison, on a note for $233 11. The defendant answered by general demurrer and general denial; and at the first term of the court made an application for a continuance, for the want of the testimony of a witness residing in Blanco county. The affidavit set forth facts to account for his failure to cause the witness to be subpenaed, or to take his depositions. The court overruled the application. The record does not show, by bill of exceptions or otherwise, the grounds of the ruling. Judgment was rendered for the plaintiff for the amount sued for. There was no statement of facts in the case.

*Wharton & Terry,* for the plaintiff in error.

BELL, J.—It is assigned as error that the court below refused to continue the cause on the motion of the plaintiff in error.

We have repeatedly declined to revise the ruling of the court below, refusing a continuance, unless the party who seeks a reversal of the judgment on that ground has reserved the point by a bill of exceptions. It is undoubtedly the correct practice to

take a bill of exceptions in all cases where the refusal of the District Court to grant a continuance will be relied upon in this court as ground for the reversal of the judgment. (See Champion v. Angier, 16 Tex., 93.) We have frequently announced this rule of late, without giving any written opinion on the point, because there are reported cases in which the rule was announced. We desire to call the attention of the bar distinctly to the correct practice on this subject. The reason of the rule is obvious. An application for a continuance may be made for want of the testimony of a witness who is standing in court, or who is known to be dead, or the like. The district judge should have an opportunity to state in a bill of exceptions any fact of this kind, which furnishes the reason of his refusal to grant the continuance.

The judgment of the court below is affirmed, with damages for the delay.

Judgment affirmed with damages.