## T. H. McMahan & Gilbert v. J. I. Busby.

To entitle a party to a continuance, on the first application, he must make it appear by affidavit that he has used due diligence to procure the testimony, and set forth the diligence used; which diligence is defined to be the use of the means given by law to procure the same. And this is done by the issuance and service of subpœna, or the filing of interrogatories, succeeded by notice of them to the adverse party, and issuance of commission and procuring the answers of the witness without delay. (Paschal Dig., Art. 1509, Note 595.)

The filing interrogatories for a witness in an adjoining county, eleven days after service and eighteen days before the trial, without suing out a commission, is not due diligence.

When the application for a continuance complies with the statute, it is error to refuse it.

But when it does not, the application is addressed to the discretion of the court, and the action thereon will not, in general, be revised.

It is the better practice, in all cases, to except to the action of the court overruling a motion for a continuance. But as the affidavit wholly failed to show diligence, the court determined upon its sufficiency without a bill of exceptions.

See the pleadings in this case, upon which and the affidavit the judge said: "In the affidavit made in this cause, there is no showing or pretense of a defense of any character, nor of what he will be able to prove by the witness."

Whether to admit the facts which would prove the defense will answer the motion for a continuance in civil cases is unsettled; the court intimated that it would not.

Appeal from Tyler. The case was tried before Hon. James M. Maxcy, one of the district judges.

On the 9th of April, 1860, McMahan & Gilbert sued Busby and one H. H. Hough for $1,245 24. They averred that on the 18th February, 1859, the said J. I. Busby and one Charles Roos made and delivered to Matthew Slater their promissory note, payable to him or bearer eight months after date, for $1,245 24, with ten per cent. interest after maturity. The petition also averred that the note was transferred by said Matthew Slater to said H. H. Hough, and by Hough indorsed to plaintiffs before maturity. (Pas-

chal's Dig., Art. 221, Note 284.) The petition averred that
Charles Roos is deceased, and that Busby, his administra-
tor, had allowed but had not paid the claim. Hough ac-
cepted service on the 10th of April, 1860. Busby was served
with process on the 9th of April, 1860. On the 4th of
May, 1860, Busby plead the general issue and a special
defense against the note, (which will be hereafter noticed.)
On the 8th of the same month he filed his affidavit for con-
tinuance, for the want of the evidence of Matthew Slater.
He stated that he had propounded interrogatories to Slater
on the 20th of April, 1860; that Slater resides in Liberty
county, and that he was served with process too late to get
his evidence at that court; that he expected to obtain his
evidence at the next term, &c., following the statute on an
application for a first continuance, except as to the fact of
due diligence. (Paschal's Dig., Art. 1509, Note 595.)

The judgment recites the application for a continuance,
and that the plaintiff admitted that if the witness were
present he would answer the interrogatories all in favor
of defendant, and would testify to all the facts as stated by
defendants. But as the affidavit did not state what the
witness would swear, this admission (if it could be properly
noticed by a mere recitation in the order) must have had
reference to the special plea, which was to the effect that
the plaintiff received the note declared on after its matu-
rity, with notice that this defendant and said Roos, deceased,
had offsets against the same amply sufficient to pay off the
whole thereof; that at the time the same was transferred to
said Hough by Matthew Slater the same was mature; and
that said Hough, as well as the plaintiffs in this action, to
whom it was assigned by said Hough, had notice of the
condition of the matter at the time of the receipt of the
same. And for further answer he says, that at the matu-
rity of said note the said Slater was due to said defendant
and said Roos the sum of $1,592 31, as will fully appear
by a bill of particulars filed herewith, marked "B," (no bill

of particulars was filed.) He further plead, that he was only the security of Roos. Such were the pleadings and the showing for a continuance.

The order shows that the motion for a continuance was overruled, and there were a verdict and judgment for the plaintiffs. There is what is called a "statement of facts" in the record, but it is probably the admission tendered in opposition to the affidavit for a continuance. It is as follows: "We, the undersigned attorneys for the plaintiff and defendant, agree that the following is a statement of the facts in the above-entitled case, and the same that would be proved on the trial of said cause by M. Slater, the witness to whom the defendant, Busby, has propounded interrogatories in this case. That the note here sued upon is a note given by said J. I. Busby and Charles Roos for goods purchased from M. Slater, and that said note was due at the time of said transfer to Hough, and that he was informed of the fact that said Slater was indebted to said Roos and Busby at the time he received said note; and that said McMahan & Gilbert also received said note after its maturity, and was informed of all of said facts, as above stated.                      Hook & Willson."

The defendant moved for a new trial, because of overruling the motion for a continuance, &c., which motion was overruled, and the defendant, Busby, appealed, and assigned for error the overruling the application for a continuance, the allowing the plaintiff to give a statement of what the witness would swear, and thus forcing the defendant to trial, the submitting the case to the jury without a written charge, and the overruling the motion for a new trial.

There is no bill of exceptions or statement of facts in the record. Hence it does not appear whether or not the admission of what the defendant's witness would swear was read to the jury or not. But it is probable that the court below thought the defense immaterial, because the

note was negotiable, and was alleged to be transferred before maturity, (Paschal's Dig., Art. 221, Note 284,) or else because the "bill of particulars" of the offset was not filed. (Id., Art. 3444, Note 795.) Whatever may have been the reason for overruling the motion for a continuance, as there was no bill of exceptions to that ruling, which has been held to be necessary, that reason does not appear upon the record. (Paschal's Dig., Art. 1509, Note 595.)

No briefs have been furnished to the *Reporter.*

Smith, J.—This suit was instituted April 9, 1860, and process was served on the appellant the same day; and it was called for trial on the 8th day of March following, when the defendant made an affidavit for a continuance for want of the testimony of the witness, M. Slater, a resident citizen of Liberty county; that he had used due diligence to procure the said testimony, by propounding interrogatories to him, on the 20th April, 1860; that he had been served with citation but a few days before, and it was then too late to procure the answers of the witness. The court refused to grant the continuance, verdict and judgment were rendered against him, and he has brought the cause here by appeal, and this ruling of the court constitutes the main error assigned. To entitle a party to a continuance on the first application, he must make it appear by affidavit that he has used due diligence to procure the testimony, and set forth the diligence used; which diligence is defined to be the use of the means given by law to procure the same, and this is done by the issuance and service of subpœna, or the filing of interrogatories, succeeded by notice of them to the adverse party, and issuance of commission, and procuring the answers of the witness without delay. In this case nothing appears to have been done to procure the evidence but filing the interrogatories some eleven days after service of citation, and eighteen days

before the cause was called for trial; that the party has not made use of the means given by law cannot well be doubted; but an excuse is offered for the want of the proper diligence, that there was not sufficient time to take the deposition. When the application for a continuance, on the first or second application, complies with the statute, it is error to refuse it, (3 Tex., 18; 10 Tex., 283;) but when it does not, and an excuse is given for the omission, then the application is addressed to the discretion of the court, and its action will not in general be revised by this court. (20 Tex., 158.)

There was no bill of exceptions reserved to the action of the court refusing the continuance. This should have been done, and then all the facts and circumstances upon which this discretionary power of the court below was exercised would have been presented here, and in case of a gross error would have been corrected. This should be done, as the better practice, in all cases. (16 Tex., 93; 20 Tex., 536; 16 Tex., 21; Harrison v. Cotton, Galveston T., 1860,) [25 Tex., 53.] When the affidavit does not show legal diligence, but an excuse for not using it, then it is addressed to the discretionary powers of the court, and it should show that he has merits in his case, and that the evidence can be procured within a reasonable time. (Hardison v. Hooker, Galveston T., 1860;) [25 Tex., 91.] In the affidavit made in this cause there is no showing or pretense of a defense of any character, nor of what he will be able to prove by the witness.

The presumption will be indulged in favor of the correctness of the action of the court below (23 Tex., 86) until the contrary be shown by bill of exceptions. (16 Tex., 118; Harrison v. Holton, Galveston T., 1860;) [Harrison v. Cotton, 25 Tex., 53 ?]

The plaintiff below admitted that the absent witness, Slater, if present, would testify to the facts as proposed by the defendant. Whether this would be a sufficient answer

to the motion for the continuance appears not to be well settled. In South Carolina it is held to be sufficient. (Harp., 83.) But to the contrary in New York, (7 Cow., 369,) and Kentucky, (3 Mars., 467,) and in Tennessee, (1 Meigs, 195; 16 Tex., 457.) These are criminal cases, in which the defendant has the right to be confronted with the witnesses; and·the rule may well be held different in civil cases. (Fisher v. Miller, 13 Tex., 227.) It is not necessary to decide this point in this cause. There being no error apparent, the judgment is

AFFIRMED.