## JOSEPH BRUCKMILLER v. CHARLES WOLF.

1. This court will not revise the order of a lower court overruling a motion
   for a continuance, unless the point has been saved by a bill of exceptions.
2. A bill of exceptions for overruling a motion for a continuance based upon
   an affidavit should in general set out the affidavit upon which the mo-
   tion was based.

APPEAL from Marion.  Tried below before the Hon. J. D.
McAdoo.

There is no occasion for a statement of the facts.

*Penn & Todd*, for the appellant.

*D. B. Culberson*, and *Crawford & Crawford*, for the appel-
lee.

OGDEN, J. ∙ The only errors complained of in this case are
the overruling the motion for a continuance, and the ruling of
the court on the application for a new trial.   There is an affi-
davit for a continuance in the record, and a motion for that
purpose, but there is no bill of exceptions taken to the ruling
of the court in that respect, and it has been repeatedly decided
by this court, that an order of the lower court overruling a
motion for a continuance will not be revised here, unless the
party complaining has saved the point by a bill of exceptions.
(Campion *v.* Angier, 16 Texas, 93 ; Harrison *v.* Cotton, 25
Texas, 53; Johnson *v.* Brower, 25 Sup., 120.)   The reason for
the rule as announced in the decisions referred to is, that the
district judge should have an opportunity in signing a bill of
exceptions, to state any facts which may have come to his
knowledge, and which induced him to overrule the motion.

We think there is another very cogent reason for requiring
not only a bill of exceptions, but also that the bill of exceptions

should generally set out in full the affidavit upon which the motion was founded. And that is the necessity of an identification of the very affidavit upon which the order of the court was made. It is well known to the profession that on the trial of causes in the District Court, there is necessarily much confusion in using and keeping the numerous papers filed in a cause in that court, and it not unfrequently happens that more than one affidavit is made at the same term, though but one perhaps has ever come to the knowledge of the court; and in such a case it might be quite impossible to determine, without a bill of exceptions as herein indicated, which affidavit was, and which was not the basis of the ruling of the court. We think the rule as heretofore established by this court, too well founded in wisdom and good practice, to be disregarded in this case, and we must therefore decline to consider appellant's first assignment of errors, for the reason herein given.

We have examined the statement of facts with much care, and are unable to come to the same conclusion as appellant, that the verdict of the jury is contrary to the law and the evidence. On the contrary, we think the testimony fully sustains the judgment of the District Court; and it is affirmed.

Affirmed.