## SARAH J. PRICE v. B. F. BLOUNT.

1. LAND—WHEN PURCHASER OF, MAY RESIST PAYMENT OF PUR-
CHASE MONEY.—When a purchaser of land holds under a deed
with warranty, he cannot resist the payment of the purchase money
for defects in his title, unless he shows with reasonable certainty
that the title has failed in whole or in part, and that he has been
evicted; and if no eviction has occurred, then that he is liable to
eviction by a superior outstanding title, of which he had no notice
at the time of his purchase.

APPEAL from Anderson. Tried below before the Hon. John G. Scott.

Suit by Sarah J. Price against B. F. Blount upon two promissory notes, alleged to have been executed by Blount for the purchase money of two hundred acres of land sold to him by Mrs. Price, and conveyed by warranty deed, January 9th, 1871. Blount, in his answer, admitted the execution of the notes, but alleged in his amended answers of August 7th and 29th, 1872, that the title to the land for

which they were given had failed; that there was a superior outstanding title to said land in G. A. Price, Thomas W. Price, and Thomas Price, of which he had no notice, actual or constructive, at the time of purchase, and that he acted on the statements of Sarah J. Price as to her title to the land, and was deceived by the same. Attached to and forming a part of the answer were certified copies of a patent and deeds, showing on their face a regular chain of title to the parties in whom Blount alleged the title vested, and of older date than the purchase by Blount. There was no statement of facts. The defendant tendered his deed for cancellation, and prayed a cancellation of the notes, and, upon a verdict rendered in his favor, judgment was rendered in accordance with his prayer.

*Gammage & Hunter*, for appellant, contended that appellee was charged with notice of the true state of the title; the deeds showing the superior outstanding title, (copies of which were made exhibits and filed as a part of the answer,) showing their registry in the county where the land was situate before appellee's purchase.

They cited Demaret *v.* Bennett, 29 Tex., 268; 24 Tex., 181; 22 Tex., 282; 20 Tex., 585; 27 Tex., 21; 19 Tex., 266; Tooke *v.* Bonds, 29 Tex., 419.

No briefs for appellee have reached reporters.ter.

REEVES, ASSOCIATE JUSTICE.—In this case the plaintiff moved for a new trial on the following grounds:

1. That the court erred in the charge to the jury.

2. That the verdict is contrary to the law and the evidence.

3. That the verdict of the jury is not in accordance with the issues of law and fact submitted to them, and for other errors apparent in the record.

The overruling of the motion is assigned for error, and also that the court erred in entering up judgment upon

the verdict of the jury as returned into court, decreeing the cancellation of the deed from plaintiff to defendant.

There being no statement of facts in the record, we are without the means of ascertaining whether the grounds of the motion for a new trial are well founded or not. No additional instructions were asked by plaintiff, and no exception was taken to the charge as given by the court. The verdict of the jury was in favor of the defendant; and thereupon the court decreed that the deed from plaintiff to defendant for the land in controversy should be canceled and annulled, and that the notes executed by defendant to plaintiff, and on which the suit was brought, should be canceled and delivered up to the defendant.

Appellant contends that the answer fails to show that there was a superior outstanding title to the land for which the notes sued on were given, and that there is no allegation that he had no notice of the adverse title at the time of his purchase. It will appear from defendant's answer, filed on the 7th August, 1872, that the want of notice of an outstanding title at the date of defendant's purchase is averred, and that averment, in connection with his former answer that the title was in G. A. Price, Thomas W. Price, and Thomas Price, was sufficient. It is true the defendant refers to the patent to Cravens and the deed from Cravens to the Prices as part of his answer, and which conveyed five hundred and forty acres, of which the land in controversy was a part, but it does not appear that he had notice, at the time of his purchase of the two hundred acres from plaintiff, that the title to that part of the tract was in the Prices, as purchasers under Cravens, or that they set up title to that portion of the land. His deed from Mrs. Price recites that she conveys two hundred acres, being the east and northeastern portion of said survey of five hundred and forty acres on which Joseph H. Price had died. In the absence of any statement of facts, and looking alone to this deed, it might be inferred that

there had been a division of the land, and that Mrs. Price owned or claimed to be the owner of the specific portion which she undertook to convey by her deed. Such is most likely the impression this conveyance would make where the fact was not known to be otherwise.

The plaintiff insists that, though there may have been an outstanding title, yet if the purchaser had notice when he purchased and went into possession, relying upon his deed with warranty, he must await eviction, and then resort to his warranty for indemnity. There is nothing in the record from which it can be inferred that the defendant was in possession, or that he had notice of an outstanding title at the time of his purchase. He alleges in one of his amended answers that he purchased without notice, actual or constructive.

A purchaser under an executory contract will not be required to accept a doubtful title, unless he agreed to take the title at his own risk, with notice of the defects, or to take whatever title the vendor had.

Where the purchaser holds under an executed contract, as a deed with warranty, he cannot resist the payment of the purchase money on proof that the title may be doubtful. He must do more. He must show, with reasonable certainty, that the title has failed in whole or in part, and that he has been evicted, or, if not, that he is liable to be evicted by a superior outstanding title of which he had no notice at the time of his purchase. (Cooper *v.* Singleton, 19 Tex., 266; Woodward *v.* Rogers, 20 Tex., 178; Johnson *v.* Long, 27 Tex., 21; Demaret *v.* Bennett, 29 Tex., 263.)

Where possession has been taken, and the parties have equitable rights as to rents and profits and for improvements, the pleadings should aver such facts as would enable the court to adjudicate and settle their rights on the principles of equity. There being no such allegations in the pleadings, no opinion is expressed as to what relief

would be given on a proper application, stating the facts and circumstances of the case, and invoking the action of the court.

There is another phrase of the case in which relief might be afforded, for instance, on allegation and proof of fraud or mistake ; but that is not the case before us, and will not now be examined.

The allegations of defendant's amended answers, filed after plaintiff's exceptions to the answer, present a good defense to the suit, and there was no error in overruling the exceptions as to the amended answers; and if the facts as alleged were proved, the court did not err in the judgment canceling the deed and the notes on which the suit was brought.

It is not necessary to examine the charge of the court, there being no statement of facts, and without it the presumption is in favor of the correctness of the verdict and the judgment of the court.

The judgment is therefore affirmed.

AFFIRMED.