# W. A. NORRIS vs. S. C. & N. M. ENNIS.

## SUPREME COURT, AUSTIN TERM, 1883.

*A purchaser taking land with notice* of the defects in the title, and accepts a deed with general warranty, usually cannot resist payment of the purchase money, on the ground that there is a superior title in another.

*He will be forced to await eviction,* and then rely upon his warranty for damages.

*But there are exceptions,* as where the acceptance of such a deed was induced by fraud of the vendor.

*As to whether the pretended superior deed was a forgery,* the record of same failing to give satisfactory information, resort generally must be had to extraneous facts.

Important cases cited : 41 Tex. 475; 49 Tex. 267.

Writ of Error to the District Court of Johnson County.

*Brown & Hall*, for appellants in error.

*D. T. Bledsoe,* for defendants in error.

### STATEMENT.

On January 14th, 1873, Ennis and wife brought this suit against Norris, on a note for $180.00 and sought a foreclosure of a vendor's lien upon the land described. By supplemental petition, they also set up another note and claim that it was also given for the land and pray foreclosure of the new secured by that note also.

Norris by original, amended and supplemental petition answers defendants upon the ground that at the time he purchased the land, the defendants in error informed him that there was a deed on record to Bowden for the land, but that it was a forgery — that he relied upon that representation, and was induced thereby to make the purchase. But that in fact the deed to Bowden was valid and vested in him the title to the land.

It is also averred that they represented to him, that their warranty was good and would protect him, and that he relied and was induced to act upon that representation, while in truth and in fact, they were then and still are insolvent. It is also averred that the vendee of Bowden had brought suit in the federal court for the land against a number upon it, and had recovered the same. That his eviction was threatened by the owner of the Bowden title, and to save his improvements, and to secure the land, he was compelled to purchase the the Bowden title, and paid therefor $150.00, which amount with interest he asked might be set off against the notes. To these answers the defendants in error excepted specially. The court sus-

tained the exceptions, and upon a trial rendered judgment against the plaintiff for the sum of $345.47, and decreed a foreclosure of the lien.

The case is now before the court on writ of error. There is no statement of facts in the record, and the only question for consideration arise out of the ruling of the court sustaining the exceptions to the special answer.

Opinion by Watts.

As a general rule where a purchaser takes land with notice of defects in the title, and accepts a deed with general warranty, cannot resist the payment of the purchase money on the ground that there is a superior title in another to that acquired by him, and that he is in danger of eviction from that source. Brown vs. Southwick, 10 Texas, 65; Cooper vs. Singleton, 19 Texas, 265; Price vs. Blount, 41 Texas, 475. In the last case the doctrine is thus stated by Justice Reeves: "Where the purchaser holds under an executed contract, as a deed with warranty, he cannot resist the payment of the purchase money on proof that the title may be doubtful. He must do more. He must show with reasonable certainty that the title has failed in whole or in part, and that he has been evicted, or if not that he is liable to be evicted by a superior outstanding title of which he has no notice at the time of his purchase."

This rule has its foundation in reason and justice, for that is the contract between the parties. The purchaser takes the land with the chances of eviction, relying, in the event of such eviction, upon the warranty. In other words, the purchaser enters into the contract with his eyes open, and equity will not relieve him from the consequences of his deliberate acts. For as was well said by Justice Smith in the case of Demrret vs. Bennett, 49 Texas, 267: "But when the purchaser goes into possession under a deed of warranty, and with notice of defects in the title, there are no equitable grounds upon which he can withhold the purchase money for failure of title, for the transaction still remains as the vendee understood it to be at the date of the purchase, and he will be forced to await eviction, and then rely upon the covenants in his warranty for damages arising from the breach of the same."

This general rule is subject to well established exceptions; for instance where the purchaser has been induced by the fraud of the vendor, to accept such a deed, then the purchaser would not be com-

pelled to await an actual eviction and then rely upon the warranty, in such case the fraud of the vendor entitles the purchaser to relief in a court of equity. In truth the contract in such case is not what it appears to be from the face of the deed, the purchaser is induced to accept the deed, though the misrepresentation of the vendor as to certain material facts forming the inducement in whole or in part, for the purchasers entering into the contract.

Under such circumstances the purchaser would not have to await actual eviction, and rely upon the breach of warranty for his damages. But where manifestly there is a superior outstanding title, accompanied with threatened assertion of the same, this is in law, tantamount to an eviction, and in cases of fraud the purchaser may secure in equity a rescision of the contract, or else purchase his peace and offset the amount thus necessarily expended, against the purchase money still owing by him. And specially is this true where it is shown that the vendor is insolvent, and his warranty worthless.

In this case it is stated in the answer that at, and before the purchase, the defendant in error did inform the plaintiff in error of the existence of the deed to Bowden, but it also charged that they assured him that it was a forgery and entirely worthless, and that he relied upon that assurance and was thereby induced to make the purchase.

This, if the averments of the answer are true, and they must be so accepted in testing the same by exceptions, was a misrepresentation as to a material fact, for if as a matter of fact this pretended deed to Bowden was a forgery, it resulted as a legal consequence that no title could be successfully asserted under it. And it will be born in mind that an examination of the record of such deed would ordinarily furnish but little information as to whether or not the deed was a forgery. Generally that question must be determined by a resort to extraneous facts. And if the plaintiff in error relied upon the representations of the defendant in error, to the effect that the Bowden deed was a forgery, when in fact it was a valid deed constituting a superior title to that secured by him, it cannot be held that he took the risk of actual eviction relying upon the warranty for his damages, It is also charged in the answer, that the defendants in error were at the date of the purchase, and still are insolvent, a fact that they concealed from him, and about which they misled him by misrepresentations. We are of the opinion that the answer asserted

a good defense to the action, that is to the extent of the amount necesserily expended by plaintiff in error in purchasing and securing the superior outstanding title.

Of course the burden is upon him to establish these averments, and to clearly show that there was a superior outstanding title, from which he was in danger of eviction, and to obviate which he made the expenditure.

If neither of the parties to this suit were parties to that in the Federal Court, then their respective rights would not be affected by any judgment rendered therein.

And the answer fails to aver that either plaintiff in error or defendant in error were parties to that suit. Hence the exceptions to that portion of the answer asserting that suit and judgment, were properly sustained.

But sustaining the exceptions to the other portion of the answer was error for which the judgment ought to be reversed, and the cause remanded.

June 26th 1883.

Report of Commissioners of appeals examined, and their opinion adopted and the judgment reversed and the cause remanded.

WILLIE, C. J.