GEORGE SCALFI ET AL. v. JOHN R. GRAVES.

Decided March 21, 1903.

**1.—Continuance—Refusal of—Bill of Exceptions Necessary.**

Where no bill of exceptions is taken to the overruling of an application for a continuance, such action of the trial court will not be reviewed on appeal. District Court Rule 55.

**2.—Practice on Appeal—Dismissal Below—Assignment of Error.**

Where error is assigned to the action of the court in allowing plaintiff to dismiss as to one of the defendants before proof was heard as to his insolvency and nonresidence, and the evidence in the statement of facts tends to show such insolvency and nonresidence, but the record is silent as to whether any evidence was heard by the court before such dismissal was allowed, the action of the court will not be revised.

**3.—Liquor Dealer's Bond—Dismissal as to Partner—Judgment Against Surety.**

In an action on a liquor dealer's bond executed by a firm with surety, a dismissal as to one of the partners individually because of his insolvency and nonresidence did not deprive the court of jurisdiction to render judgment against the partnership, the other partner and the surety. Following Scalfi v. State, post, p. 671.

**4.—Same—Bond Not Partnership One.**

Where the introductory part of a liquor dealer's bond recited that G. S. and M. S. under the firm name of G. S. & Co. desire to engage in the sale of spiritous liquors, but the bond itself bound "G. S. and M. S. as principal," and was conditioned that G. S. and M. S., as principals, shall keep an orderly house, etc., and was not signed in the partnership name, but individually, it bound the principals as individuals, and not as a partnership.

**5.—Same—Surety—Judgment Against Partnership.**

A proper judgment having been rendered on such bond as against the principals individually, the surety could not complain that a judgment was also illegally rendered against them as partners.

**6.—Practice on Appeal—Dismissal Below.**

Where a motion to dismiss as to one of the defendants was granted by the trial court, it will be presumed on appeal, in the absence of a bill of exceptions, that the facts alleged in the motion were proven at the hearing thereof.

Appeal from the District Court of Palo Pinto. Tried below before Hon. W. J. Oxford.

*Thos. L. Camp,* for appellants.

*W. P. Gibbs,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought by appellee to recover damages in the aggregate sum of five thousand dollars for various breaches of a liquor dealer's bond executed by George Scalfi and M. Savant, as principals, and the American Bonding and Trust Company, a foreign corporation, as surety, and resulted in a verdict and judgment for five hundred dollars against George Scalfi, George Scalfi & Co., a firm composed of George Scalfi and M. Savant, and the American Bonding and Trust Company, from which this appeal is prosecuted by George Scalfi and the surety company.

The verdict finding a breach of the bond in September, 1901, in the sale of beer to Charley Graves, one of appellee's minor sons, establishes the material allegations upon which recovery was had, since the sufficiency of the evidence to sustain the finding is not questioned by appellants, who assign errors only to the proceedings taken in consequence of the failure to obtain service on M. Savant, and to the refusal of the court to quash the service had on the surety company.

In the amended petition, upon which the case went to trial, the "whereabouts of M. Savant was alleged to be unknown, citation, which had been issued to Palo Pinto County, where the firm had been engaged in business, having been returned without service on M. Savant because not found in that county. On the day the case went to trial, but before announcing ready for trial, appellee moved the court "to dismiss as to M. Savant individually," upon the ground, as alleged in the motion, that he was a nonresident of Texas, and that his whereabouts was unknown to appellee, which motion was sustained, over the objection of Scalfi and the surety company, who thereupon sought to continue the case to obtain service on Savant, alleging their information and belief to be that he then resided in Tarrant County, Texas. The application for continuance was overruled, but as no bill of exceptions was taken we need not further notice this ruling. See District Court Rule 55.

Appellee then took leave to amend his motion to dismiss as to M. Savant, and filed an amended motion after he had announced ready for trial, which was also granted, in which he moved the court "to discontinue as to M. Savant" on the following grounds: "1. Said M. Savant has not been served with process after diligence by both the plaintiff and the proper officers of the court, which show that the said defendant resides beyond the limits of the State, and that his residence is unknown and can not be ascertained by the use of reasonable diligence, and that he is notoriously insolvent." The evidence found in the statement of facts tended to sustain these allegations, but whether any evidence was heard by the court before appellee was allowed to dismiss, the record is silent, there being no bill of exceptions showing how this was. Therefore, the assignment that the court erred in sustaining the motion to dismiss before the proof was heard must be overruled, if indeed that would make any difference where the facts warranting the dismissal are proven on the trial and before the final judgment is entered. Rev. Stats., art. 1257. But it is earnestly insisted, especially in behalf of the surety company, that the discontinuance as to Savant deprived the court of jurisdiction to render the judgment that was rendered against the firm of George Scalfi & Co. To support this contention the following cases are cited: Frank v. Tatum, 87 Texas, 204, and Glasscock v. Price, 92 Texas, 271; and they seem to sustain it, especially the latter, in which a judgment rendered against a partnership on service upon one of its members was held to be invalid because of a discontinuance "individually" as to the member not served. This feature of qualified dismissal, however, was not discussed in the opinion,

and we are not disposed to treat it as of no consequence in the construction of articles 1224 and 1347 of our Revised Statutes.

For a discussion of this question see the opinion of Chief Justice Conner in the companion case of Scalfi v. State, this day decided (post, p. 671), since in this case it is doubtful, in view of the unqualified language of the amended motion to dismiss quoted above, whether the dismissal as to Savant can properly be treated as a qualified one, notwithstanding the original motion purported to dismiss as to him "individually."

But what difference does it make either to George Scalfi or the American Bonding and Trust Company if the judgment against the firm of George Scalfi & Co. was invalid? Savant evidently had nothing subject to execution either individually or as partner, and had gone to parts unknown, so that he could not be found after diligent search. Treating him, as he evidently was, as insolvent, we have a judgment against George Scalfi which is clearly valid and entirely sufficient to subject all his property, including firm assets, if any remained, to execution. The bond did not purport to be that of the firm as principal, but of George Scalfi and M. Savant as principals.

Suppose no judgment had been sought or obtained against the firm, would the surety company have been in position to complain? We think not. The bond sued on in terms bound it as surety for George Scalfi and M. Savant, the principal makers, and the insolvency of one of them, or inability to find and obtain service on him, authorized a dismissal as to him and a judgment against the other and against the surety, as provided in articles 1256, 1257 and 1259 of Revised Statutes. The trouble of a bad judgment against the defunct firm is therefore an imaginary one, and might here be eliminated, if it were worth while.

The service on the surety company was sufficient, since a copy of the petition was delivered with a copy of the citation and referred to for fuller statement of the cause of action.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

The dismissal of M. Savant from the case is complained of in this motion on the ground that "this record fails to show any state of facts, or the testimony of any witness, that proves or tends to prove that M. Savant was insolvent, or that he was beyond the jurisdiction, or any other fact which, under the statute, would permit of his dismissal." It must be admitted that the evidence set out in the statement of facts on this subject is quite meager, and does not seem to have been introduced for the purpose of proving the facts alleged in the motion to dismiss. It appears rather as an outcrop, but is very suggestive of the conclusion stated in our original opinion, though it probably would not warrant a finding of insolvency; and in justice to appellants this statement is now made. It did, however, warrant the conclusion that

Savant had left the State, and that his place of residence was unknown, and tended to show that he left no property here beyond the partnership name of George Scalfi & Co., and a possible interest in the possible assets of that firm. But, as the issue involved in the motion to dismiss was tried by the court before the case went to the jury, we would hardly expect to find the evidence bearing on that issue in the statement of facts, and, in the absence of a bill of exceptions showing to the contrary, the presumption would be that the facts alleged in the motion were proven.

Appellants also complain of the finding that the bond sued on was made by George Scalfi and M. Savant as principals and by the American Bonding and Trust Company as surety for them, but we can not recede from this conclusion. True, in the introductory part of the bond it is recited that George Scalfi and Mark Savant, under the firm name of Geo. Scalfi & Co., desire to engage in the sale of spirituous liquors, etc., but this is followed by: "Therefore, know all men by these presents, that we, George Scalfi and Mark Savant, as principal, and ———, as surety, are held and firmly bound," etc., "conditioned that the said Geo. Scalfi and Mark Savant, principals, shall keep an open, quiet, and orderly house," etc.; and the bond is signed "G. Scalfi, M. Savant, and American Bonding & Trust Co." We still think, therefore, that there was no necessity for a judgment against the firm of George Scalfi & Co. in order to have a judgment against the surety company, and, as the judgment rendered against George Scalfi would be sufficient to subject all his interest in the firm assets, the judgment against the firm could not be to his prejudice, and, as M. Savant is not before the court, we need not consider its effect on his possible interest.

The motion is therefore overruled.

*Overruled.*