## R. D. SMITH v. CHARLES HUGHES.

Decided April 17, 1905.

**1.—Practice on Appeal—Continuance—Bill of Exceptions.**

In the absence of a bill of exceptions to the overruling of a motion for a continuance by the trial court its action in the matter will not be reviewed on appeal.

**2.—Same—General Demurrer—Record.**

Unless it appears that a general demurrer to plaintiff's pleadings was called to the attention of the trial court and action invoked thereon, an assignment of error complaining of the overruling of the demurrer will not be considered.

**3.—School Land—Settlement in Good Faith.**

Evidence considered and held to sustain a finding that plaintiff's settlement on the school land he had applied to purchase from the State was not made in good faith.

**4.—Same—Burden of Proof—Rejected Application.**

Where in an action to recover school land plaintiff claimed under a rejected application to purchase from the State and defendant under an award on an application later in date, plaintiff has the burden of overcoming the presumption of regularity of the sale by appropriate evidence showing lack of power in the Commissioner to make the award.

Appeal from the District Court of Eastland. Tried below before Hon. J. H. Calhoun.

*J. T. Hammons,* for appellant.

SPEER, ASSOCIATE JUSTICE.—This was an action of trespass to try title, instituted by appellant Smith, to recover from appellee, Charles Hughes, the south one-half of school section 96, Houston & T. C. Railroad Company's land, situated in Eastland County. The parties waiving the trial by jury, the district judge entered a judgment in favor of the defendant in the action.

Our conclusions of fact, so far as pertinent to the issues presented, will be found under the appropriate assignments.

We can not consider the first assignment of error, relating to the action of the court in overruling appellant's motion for a first continuance, because there is no bill of exception in the record taken to such ruling. (Harrison v. Cotton, 25 Texas, 53; St. Louis S. W. Ry. Co. v. Bowles, 32 Texas Civ. App., 118, 72 S. W. Rep., 451; Scalfi v. Graves, 74 S. W. Rep., 795.)

Neither can we sustain the second assignment of error, complaining that the court overruled appellant's general demurrer to appellee's special pleadings, for the reason that it nowhere appears that such general demurrer was called to the court's attention and a ruling invoked thereon. Moreover, the plea seems to be good as against such exception.

The fifth and sixth assignments attack the judgment of the court as being contrary to the evidence adduced upon the trial. These assignments are overruled. The evidence is sufficient to authorize, and the judgment imports, a finding that, at the time of appellant's application to purchase the land in controversy, although he was then upon the land, he did not desire to purchase the same for a home, and had not in good faith settled thereon. In a signed statement sent to the Commissioner of the General Land Office five days before the date of his application to purchase, he stated that his intention was not to file on said section, and to the witnesses Adams and Early he made similar statements. True, he testified upon the trial to a contrary intention, but, in view of the above, and further evidence of impeachment as to his credibility, a finding against the good faith of his settlement was amply authorized. Furthermore, no other judgment than one for the appellee could have been rendered, because we have found nothing in the record to show that, at the date of appellant's application, the land was upon the market. It had been some years before awarded to one Davis, which award was, at some time prior to appellee's application, canceled (the validity of which we find it unnecessary to determine), but the precise date of such cancellation nowhere appears. The fact that the land was awarded to appellee on his application, made ten days later than that of appellant, while amounting to proof that the land was then again on the market, is not evidence that it was on the market at the date of appellant's application. Aside from the infirmities of appellant's case, which, of course, would defeat his recovery, the evidence showing an award to appellee, the burden of proof would be upon appellant to overcome the presumption of regularity of such sale by appropriate evidence showing the lack of power in the Commissioner to make such award. This he has wholly failed to do.

There is no merit in the seventh assignment of error complaining that the court erred in awarding a writ of possession in favor of appellee and against appellant. Finding no error in the proceedings, the judgment of the District Court is in all things affirmed.

*Affirmed.*