## TEXAS CITY TERMINAL CO. et al. v. THOMAS. (No. 6832.)

(Court of Civil Appeals of Texas. Galveston. May 6, 1915.)

1. CARRIERS ⊛406 — CARRIAGE OF PASSENGERS—BAGGAGE—LIABILITY.

Unless there is a through ticket or a through contract of carriage over the lines of two carriers, there is no joint undertaking or liability on the part of such carriers, and, where passage is had on separate tickets, one carrier cannot be held liable for loss of baggage by the other carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1550–1553; Dec. Dig. ⊛406.]

2. HUSBAND AND WIFE ⊛203 — MARRIED WOMEN—ACTIONS—ABANDONMENT.

Where a husband so abused his wife that she left him and returned to her mother, he was guilty of abandonment, and she might thereafter, the two living apart, sue as a feme sole.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 280, 738, 740–747, 968, 969; Dec. Dig. ⊛203.]

3. APPEAL AND ERROR ⊛544 — RECORD — BILLS OF EXCEPTION—NECESSITY.

Unless the denial of defendant's motion for continuance is presented by an appropriate bill of exceptions, the matter will not, under rule 55

---

⊛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*for district and county courts, be reviewed on appeal.*

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. ☞544.]

**4. APPEAL AND ERROR ☞553—BILL OF EXCEPTIONS—NECESSITY—SUBSTITUTES.**

A recital in the judgment that defendant excepted to the overruling of his application for a continuance will not take the place of a proper bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2461, 2462, 2465–2471; Dec. Dig. ☞553.]

**5. APPEAL AND ERROR ☞732—REVIEW—ASSIGNMENTS OF ERROR.**

An assignment that the court erred in overruling defendant's motion for new trial is too general for consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3022–3024; Dec. Dig. ☞732.]

Appeal from Galveston County Court; George E. Mann, Judge.

Action by Mathilda Thomas against the Texas City Terminal Company and the Galveston-Houston Electric Railway Company. From a judgment for plaintiff, defendants appeal. Reversed and rendered as to the Electric Company, and affirmed as to the Terminal Company.

W. T. Armstrong and Chas. P. Macgill, both of Galveston, and Wilson, Dabney & King and Geo. A. Hill, Jr., both of Houston, for appellants. Marsene Johnson, Elmo Johnson, and Roy Johnson, all of Galveston, for appellee.

LANE, J. This suit was originally instituted by appellee on the 28th day of February, 1914, against appellants, to recover the value of a trunk and its contents. In her original petition appellee alleges that she is a married woman, but is living in a state of separation from her husband, who refused to join her in the suit; that appellants are common carriers of passengers and baggage for profit, and operate a line of railroad and motor cars from Texas City to Texas City Junction, and from said junction to Galveston; that on or about January 21, 1914, she purchased a ticket from the defendant's agent at Texas City, which entitled her to passage from Texas City to Texas City Junction over the railroad of the Texas City Terminal Company, and from thence over the line of the Galveston-Houston Electric Railway Company; that said ticket also entitled her to the right to have her trunk checked and transported by defendants from Texas City to Galveston; that the agent of defendants at Texas City told her that he would have her trunk safely transported by defendants and delivered to her at Galveston; that he wrote her name and destination on a card and attached the same to her trunk and told her that her trunk would be delivered to her on the following day; that her trunk was lost, to her damage in the sum of $302.

On the 13th day of March, 1914, the Texas City Terminal Company, hereinafter called terminal company, filed its answer and pleaded that it operated its line of railroad from Texas City to Texas City Junction; that it operates no railway between Texas City Junction and Galveston; that it sold no ticket to plaintiff for through passage to Galveston; that, if plaintiff's trunk was delivered to it for transportation, it was transported by it to the junction, and there delivered to the Galveston-Houston Electric Company, and plaintiff's trunk was not lost by it.

On March 17, 1914, the Galveston-Houston Electric Railway Company, hereinafter called electric company, filed its answer and pleaded in abatement: First. That plaintiff's petition is insufficient in law, because it appears therefrom that plaintiff is a married woman, having a husband living, who has not abandoned her, and who is a necessary party to this suit, and therefore this suit should be dismissed. Second. That it is improperly joined as defendant with the defendant terminal company. That there is no joint contract or understanding as between said defendants as plaintiff alleged, but that it appears from plaintiff's petition that each defendant entered into a separate and independent contract, if any, with the plaintiff, wherefore it prays that the suit be dismissed because of improper joinder of parties. Specially pleading, it denies generally the allegations of plaintiff's petition, and, further answering, says that it operates a line of motor cars between Texas City Junction and Galveston. That it has no line of railway between Texas City Junction and Texas City. That it has never at any time entered into a contract with the terminal company, or any other company, for the carriage of passengers or baggage between the last-named points. That it never at any time received plaintiff's trunk for transportation.

On April 8, 1914, the day the case was tried, plaintiff filed her first supplemental petition, alleging that her husband had abandoned her long prior to the institution of this suit, and that they have lived in a state of separation ever since her husband abandoned her, and that her husband refuses to join her in the suit, and that the property sued for is her separate personal property; that the two defendants are connecting carriers, and that the ticket purchased by her read for continuous passage, and entitled her to a continuous passage, with her baggage to Texas City Junction and from there over the line of the electric company to Galveston; that both companies were obligated to transport her and her trunk to Galveston on said ticket; that the agent who sold her the ticket was the joint agent of both companies; that since she filed her original petition, to wit, on March 25, 1914, two agents of the defendant companies delivered her trunk to her in Galveston; that said agents fraudulently in-

duced her to sign a release reciting that her trunk was received in as good condition as when delivered to the terminal company at Texas City, and releasing defendants from any liability whatever; that said agents told her the paper signed by her was only a receipt for her trunk; that they did not read said paper to her nor permit her to read the same; that when she opened her trunk she found the contents thereof badly damaged and almost worthless; that her trunk was also badly damaged—to her total damage in the sum of $209.

Both defendants claimed surprise by the new matters pleaded by plaintiff just before trial, insisting that an entirely new cause of action had been set up by plaintiff, and filed a motion for a continuance that they might have time to meet and refute said new cause of action so made by plaintiff's supplemental petition. Whereupon the court refused said motion for continuance and gave defendants one hour to prepare for trial. Before the trial began, both defendants filed supplemental answers, alleging that on the 25th of March, 1914, plaintiff, upon receipt of her trunk and its contents, executed and delivered to each of defendants a full release, as follows:

"I. Mrs. Mathilda Thomas, have this day received one trunk and its contents belonging to me in good condition as checked out of Texas City by the Texas City Terminal Company to be transported to Galveston by the Galveston-Houston Electric Company, and I hereby release said Texas City Company, and Galveston-Houston Company, of all and every liability in the matter.

"Galveston, Texas, March 25, 1914.

"Mrs. J. A. Thomas.

"Witnesses:

"Chas. P. McGill.

"J. B. Farley."

They also deny generally and specifically the matters alleged by the various paragraphs of plaintiff's supplemental petition, and deny that plaintiff was induced by misrepresentations to sign said receipt, but aver that, on the contrary, said release was read to her at the time she signed the same, and that she signed same with full knowledge and understanding of its contents and meaning.

The defendant electric company again repeated its allegation that the trunk of plaintiff never was in its possession at any time, and therefore it could not be held liable for any damage thereto, if any.

The case was tried before the court on the above pleadings, without a jury, and judgment was rendered for plaintiff for $209, from which judgment both defendants have appealed.

[1] Believing, as we do, that a proper disposition of the third assignment of error of the appellant electric company will finally dispose of all the issues involving said company in this suit, we shall first dispose of said assignment, which is as follows:

"The undisputed evidence shows that the plaintiff's trunk and the contents thereof were never delivered to this defendant by the plaintiff or the Texas City Terminal Company, or any one else, and that said trunk was never in the possession of this defendant, nor did defendant contract to carry said trunk and the contents from Texas City Junction to Galveston, Tex., without the proper delivery thereof to this defendant at Texas City Junction, and its acceptance thereof, neither of which was done; and the undisputed evidence further shows that the plaintiff purchased two separate tickets, one from Texas City to Texas City Junction, via Texas City Terminal Company, and one from Texas City Junction to Galveston, via the line of this defendant, and that there was no joint contract or traffic agreement between the lines of the two defendants and no joint responsibility for the acts of each other. Wherefore defendant says that the court erred in rendering judgment against it. Defendant says that the judgment of the court is contrary to the law and evidence in this: The undisputed evidence shows that the entire damage, if any, to plaintiff's trunk and contents, resulted while said trunk was in the possession of the American Express Company, a corporation, operating and doing an express business over the line of the Galveston, Houston & Henderson Railroad Company, and that said trunk was transported to Galveston, on the day that plaintiff shipped said trunk from Texas City, by said American Express Company, and that, on the day following, a postal notice of arrival was duly mailed by said American Express Company to plaintiff, and said trunk was never called for by plaintiff; and said trunk was never delivered to defendant Galveston-Houston Electric Railway Company, and was never at any time in its possession, nor at its junction with the Texas City Terminal Company, and the contract of carriage over the line of this defendant was a separate and independent contract, and there was no joint contract with the Texas City Terminal Company, or any one else, by reason whereof there should have been no recovery against this defendant, for the default, if any, of its codefendant. Wherefore defendant says the court erred in rendering judgment against it."

Where there is no through ticket or through contract for carriage over the lines of railway of two carriers, but passage is had on two separate tickets, evidencing separate contracts for carriage, there is no joint undertaking or liability on the part of such carriers, and one cannot legally be held liable for the default of the other; and the undisputed evidence in this case being that the plaintiff purchased two separate tickets, one for transportation via the terminal company from Texas City to Texas City Junction, and one for transportation via the electric company from Texas City Junction to Galveston, and the evidence being undisputed that plaintiff's trunk was never delivered to the electric company at Texas City Junction, or was ever in its possession, but was transported into Galveston by the American Express Company, operating over the Galveston, Houston & Henderson Railroad Company, it results that there can be no liability with the appellant electric company for the damages to plaintiff's trunk and contents occasioned by the default of the American Express Company or the terminal company.

Assignment No. 3 being supported by the undisputed evidence, the trial court should have instructed a verdict for appellant Galveston-Houston Electric Railway Company.

So believing, we here reverse so much of the judgment of the court below as adjudged a recovery against the Galveston-Houston Electric Railway Company and render judgment for said company.

Having disposed of the appeal of the electric company, we will now take up and consider assignments of error of the appellant terminal company.

[2] The first assignment found in the brief of appellant terminal company is:

"That the court erred in rendering judgment in favor of plaintiff, Mathilda Thomas, while suing as a feme covert without the joinder of her husband as a necessary party plaintiff, because the evidence offered by plaintiff in support of her allegations of grounds authorizing her to sue without the joinder of her husband fails to support such allegations."

The first proposition under this assignment is that the fact authorizing a married woman to sue alone must be proved as laid, just as any other fact.

In appellee's supplemental petition she alleged:

"That her husband is not a necessary party to this suit, for this: That plaintiff was abandoned by her said husband long prior to the institution of this suit, and that the parties have lived in a state of separation ever since the time her husband abandoned her; that her husband has refused to join her in this suit; and that this suit is for the recovery of and damages to her wearing apparel and personal property."

The plaintiff testified on April 8, 1914, that on the 21st day of January, 1914, her husband assaulted and slapped her; that he slapped her good, and for that reason, and because he would not support her, she left him on that day, and that she had not seen nor heard of him since she left him; that he had not contributed anything to her support, but had abandoned her. She says she did not ask him to join her in this suit; that the property involved in the suit was her wearing apparel and her separate personal property.

The trial court in his findings of fact finds that on the 21st day of January, 1914, appellee's husband had violently assaulted her, and that she had left him with the express intention of not living with him again, and had gone to her mother in Galveston with the intention to make that her home. We do not think under the fact findings of the court, and the testimony of the appellee, it can be said that appellee voluntarily abandoned her husband, but, on the contrary, that he drove her from their home. The testimony of appellee is undisputed, and, we think, was sufficient to sustain the allegation that her husband had abandoned the wife at the time suit was filed and trial had, and therefore overrule appellant's first assignment of error.

We think the court's finding that the hus-band of appellee had violently assaulted her on the day she left him, and that the separation was permanent, is supported by the evidence, and we therefore overrule the second, third, fourth, and fifth assignments of error.

[3] The sixth assignment is as follows:

"The court erred in not granting defendant's request for a continuance, and forcing this defendant to trial, for the reason that plaintiff filed a lengthy amended or supplemental petition by leave of the court at the time the case was called for trial, setting up an entirely new and different cause of action, in this, to wit: The sole cause of action set up in plaintiff's petition was for the loss of a trunk and its contents, which issue this defendant was prepared to meet, whereas the amended or supplemental petition, some eight pages in length, filed by leave of the court at the time the case was called for trial, abandoned the issue of the loss of the trunk and its contents, and set up, as a cause of action, damages to the trunk and its contents, which cause of action was a surprise to this defendant which it was not prepared to meet."

There was no bill of exception reserved by appellant terminal company to the action of the court in overruling its motion for continuance; and, in the absence of such exception, this court will not review the action of the court in so overruling said motion. See rule 55 for district and county courts (67 S. W. xxiv); Railway v. Crump, 110 S. W. 1013; Railway v. Bowles, 32 Tex. Civ. App. 118, 72 S. W. 451; Scalfi v. Graves, 31 Tex. Civ. App. 667, 74 S. W. 795.

[4] A recital in the judgment that appellant excepted to the action of the court in overruling his application for continuance is not sufficient to require the appellate court to review the ruling of the trial court. Campion v. Angier, 16 Tex. 93; Harrison v. Cotton, 25 Tex. 53; Simpson v. Texas Tram & Lumber Co., 51 S. W. 655. In the last-cited case it is said:

"The exception noted in the judgment * * * will not supply the place of a proper bill of exceptions."

[5] Appellant's seventh assignment is "that the court erred in overruling the defendant's motion for a new trial." This court has uniformly held, and still holds, that such assignment is too general to require consideration.

What has been said disposes of all the assignments of appellants, and we conclude that so much of the judgment of the trial court as is against the Texas City Terminal Company should be affirmed, and that so much of said judgment as is against the Galveston-Houston Electric Railway Company should be reversed, and that judgment should be here rendered for said Galveston-Houston Electric Railway Company; and it is so ordered.

Affirmed in part. Reversed and rendered in part.