## BETTY JONES v. THE STATE.

1. When a reversal of a judgment in a criminal case is sought on account of alleged error in overruling an application by defendant for continuance, exceptions should have been taken to the action of the court on the application.

2. When the accused fails to take exceptions to the action of the court in overruling an application for continuance, and afterwards announces ready for trial, and the evidence for the State establishes beyond question the commission of the offense, this court will not decide that there was error in overruling the application.

3. When the charge of the court is confined to a killing on express malice, and the evidence cannot be explained on any hypothesis than one which would involve murder in the first degree, the judgment will not be reversed on account of the failure of the court to present in the charge the distinction between murder in the first and murder in the second degree.

APPEAL from Bexar. Tried below before the Hon. George H. Noonan.

Betty Jones was indicted for the murder of a babe. The evidence was circumstantial. Verdict of guilty, and punishment assessed at imprisonment in the penitentiary for life, on which final judgment was rendered, and from which an appeal was taken.

*J. F. Oatman* and *J. H. Burts*, for appellant.

*Geo. Clark, Attorney-General*, for the State.

ROBERTS, CHIEF JUSTICE.—The errors assigned in this case are—

1. The court erred in overruling defendant's motion for continuance.

2. The court erred in overruling defendant's motion for new trial.

The ground for the motion for new trial is, that the verdict of the jury is contrary to the law and the evidence. The error of the court in overruling the motion for a continuance is mainly relied on for reversing the judgment.

The record does not show any exceptions taken to the overruling of that motion. (Campion v. Angier, 16 Texas, 93; Harrison v. Cotton, 25 Texas, 53 ; Parker v. McKelvain, 17 Texas, 159 ; Cotton v. The State, 32 Texas, 640.) It is not made ground in the motion for a new trial. The record shows that the defendant announced herself ready for trial. The affidavit for a continuance states that she expects to prove by the absent witnesses that she was not pregnant, and did not give birth to a child about the time the one imputed to her was found. She does not state any facts why they would be better informed on that subject than the persons at whose house she was living, whose evidence on the trial, together with that of the physician, make it morally certain that she did give birth to a child about that time. The evidence of this fact was so conclusive that it is difficult to imagine how a doubt could be thrown upon it, sustained as it is by the positive testimony of three witnesses—women who were with her that week, and made satisfactory examination to discover the fact—and two physicians, whose testimony seems to put it beyond all doubt, strengthened also by the testimony of the constable as to her effort to fabricate a deception in reference to her condition after she was accused of the offense.

Had there been an exception taken to the action of the judge in overruling the motion for a continuance, he might have stated in it some satisfactory reason for his ruling on the motion. (Campion v. Angier, 16 Texas, 93.)

We cannot say, therefore, as the case is presented on the record, that the court erred in overruling the motion for a continuance.

There was no exception to the charge of the court, and no charge asked by the defendant. The evidence, though circumstantial in part, was amply sufficient to sustain the charge of murder.

The court confined the charge to killing upon express

malice; and though it might have been more satisfactory
if the judge had presented in his charge the distinction
between murder in the first and murder in the second de-
gree, so as to have given the jury a discretion according
to their judgment of the facts proved, yet, as there were
facts proved that cannot be well explained upon any
other hypothesis than that she deliberately designed to
destroy her child when born, we cannot say that the
court erred in the charge, or that the verdict is not re-
sponsive to the evidence under the law.

The jury found the defendant guilty of murder in the
first degree, and, humanely exercising that discretion
given them by law, fixed the punishment to imprisonment
for life in the penitentiary. There was no direct evidence
of killing, or of the exact circumstances under which it
was done, immediately at the time it was done. The
premeditation and deliberation were manifest by her con-
duct in leaving the house in the night, and other efforts
at concealment and deception a short time before and
after the birth of the child.

In view of all the circumstances, the action of the jury
in thus relieving her from the penalty of death deserves
commendation.

AFFIRMED.

Justice Moore did not sit in this case.