## H. T. McMahon *v.* The State.

1. **Theft—Evidence.**—Want of the owner's consent to the taking of the property alleged to have been stolen is an essential ingredient of the crime of theft, and must be proved; but it may be established as well by circumstantial as by direct evidence.

2. **Charge of the Court.**—It is incumbent on district judges either to give, with or without modification, all charges asked, or else to refuse to give them; but, when given in a modified form, the modification must be made in writing.

3. **Practice in this Court.**—To enable a party to avail himself in this court of error in the refusal of a continuance by the court below, it is necessary that he shall have saved the point by bill of exceptions.

APPEAL from the District Court of Williamson. Tried below before the Hon. E. B. Turner.

The facts are disclosed in the opinion of the court.

*Makemson, Posey & Fisher*, for the appellant. We will consider the 1st and 2d assignments together.

The verdict of the jury is not supported by the evidence, and is contrary to the law and the evidence.

By referring to the statement of facts we nowhere find any evidence which shows the defendant took the gelding without the consent of Levi Pennington, the alleged owner.

Mr. Pennington, though sworn as a witness in behalf of the state, fails to state that he never gave his consent to either the defendant or to Whittington.

This is a material allegation, and must be proved by the state. *Garcia* v. *The State*, 26 Texas, 210.

There may be facts in the record from which it might be inferred that Pennington never gave his consent; but this will not do. Happily, under our system of laws, where a person is charged with crime, there is no such thing as implying him "guilty," but he must be proved to be guilty.

If Pennington did not give his consent, the best evidence that can be found to establish the fact is in Pennington himself. It may be asked, why did not the defendant prove, by Pennington, that he gave consent? Our answer to this is that the defendant is not compelled to show one single fact in defense of himself until the state has established his guilt. He is not even compelled to plead, but the court must enter the plea of "not guilty," and the state must prove every material allegation of the indictment before the law will permit a person to be deprived of his liberty. *Fields* v. *The State*, 34 Texas, 40.

The statute having made "without the consent of the owner" a part of the definition in defining the offense of theft, can it be said that the allegation of those words in the indictment is not material?

It may be said that it looks rather suspicious, upon the part of the defendant, in not showing by Pennington that he had authority to use the gelding. Does it look more suspicious upon the part of the defendant than it does upon the part of the state?

The next assignment of error is, the court erred in its charge to the jury.

The court says: "In all criminal cases the defendant is

presumed to be innocent, and unless the jury are," etc. This portion of the charge is objectionable because it does not go far enough. The language of the law is: In all criminal cases the defendant is presumed to be innocent until his guilt is established by legal evidence.

But the court omitted a very important and essential part of this law, viz., until his guilt be established by legal evidence. The court failed to instruct the jury as to the extent of this presumption, thereby leaving the jury to determine the law, as well as the facts, of the case. The court should have used the full language of the law, whether asked or not.

The court failed to define to the jury what was necessary to constitute a fraudulent taking.

To simply state that the offense consists in the fraudulent taking, without the consent of the owner, is not sufficient. *Williams* v. *The State*, 34 Texas, 558; *McDaniel* v. *The State*, 33 Texas, 419; *Thurman* v. *The State*, 33 Texas, 684; *Bray* v. *The State*, 41 Texas, 560; *Isaac* v. *The State*, 30 Texas, 450; *Mullins* v. *The State*, 37 Texas, 337. In all felony cases the court should charge the law, whether asked or not. *Thomas* v. *The State*, 40 Texas, 36; *Marshall* v. *The State*, 40 Texas, 200.

*H. H. Boone*, Attorney General, for the State.

WINKLER, J. The errors assigned, upon which the appellant relies for a reversal of the judgment of the district court, are as follows:

1st. The verdict of the jury is not supported by the evidence.

2d. The verdict of the jury is contrary to the law and the evidence.

3d. The court erred in its charge to the jury.

4th. The court erred in refusing to give the instructions asked by defendant's counsel.

5th. The court erred in overruling defendant's motion for new trial.

The only special ground for asking a new trial, not named specially in the assignment of errors, is the 5th cause in the motion for new trial, to wit:

The court erred in overruling defendant's application for a continuance.

The counsel for appellant have favored this court with a concise, systematic, and able brief and written argument on the law and facts of the case, and to which we have endeavored to give, in connection with the investigation of the case, the consideration its importance demands.

As to the first two errors assigned, and considered by the counsel for appellant together—namely, that the verdict is not supported by the evidence, and is contrary to the law and the evidence—we are constrained to say that, in our opinion, the evidence, as set out in the statement of facts, does not sustain the position taken. The evidence certainly establishes the time and place of the alleged taking, the ownership of the property, the taking and carrying away of the property by the accused, and his identity. But it is contended that the evidence does not show, in a satisfactory manner, that the taking was without the consent of the owner of the property. Whilst it is conceded that the want of consent of the owner to the taking, in a charge of theft, is a necessary ingredient to the crime, yet it is believed that this want of consent may be established by circumstantial, as well as direct, testimony. This we regard as a settled proposition laid down by the elementary writers, and acted on by our own supreme court, without variation, from the decision in *Henderson* v. *The State*, 14 Texas, 503, down to the present time.

The proposition under consideration is, does the evidence

show that the accused took and carried away the gelding of Levi Pennington without his, Pennington's, consent? We find in the record no evidence tending to show consent on the part of the owner to the taking. Nor would this alone be sufficient. But we are not left to imagination; to our mind all the facts of the case, in so far as they bear on the question at all, tend in the opposite direction. The witness Pennington testifies: "My gelding was taken, on the evening of the 24th of December, 1875, from a hitching-post in front of the McCune Hotel; my gelding was gone five days; the horse, saddle, and bridle were returned to me by Mr. Bittick, who lives about twenty miles from town; I paid Bittick $12 as a reward for bringing me the gelding;" and says he don't know the defendant.

Willie Talbot says, on the evening of the 24th of December, 1875, about eight o'clock, he saw the defendant, and describes him as follows: "He was wearing a broad-brimmed Mexican hat with a snake round it; I afterwards saw a man I took to be the defendant untying Mr. Pennington's horse from the post in front of the McCune House; I told him it was Mr. Pennington's horse, and that he had better not take him. The man replied the horse belonged to Mr. Whittington," etc.

Mr. Whittington does not appear anywhere else in the evidence as the owner of the horse. When the accused was told not to take the horse, did he pretend to have the consent of the owner? On the contrary, he made a statement wholly inconsistent with the facts well established by other witnesses.

The evidence of several witnesses fully identifies the accused as the man sitting about a saloon late in the evening—from eight or nine o'clock—and going in the dark to the horse, getting on him, and riding off. The horse and the accused were found several miles away, in the same direction. Now, the taking appears to have been perpetrated,

not only in the darkness of night, but when there was quite an excitement over certain fire-works on Christmas Eve. From all this evidence we are not prepared to say the jury were not authorized to believe that the taking was without the owner's consent.

The 3d and 4th assignments of error relate to the charges of the court.

It was the duty of the judge to charge the jury plainly the law of the case (Pasc. Dig., Art. 3060), and it was incumbent on him to give or refuse charges asked, with or without modification; but the modification of the charge, if any, must be made in writing.    Art. 3061.    From a careful examination of the charge given, we must say that the law of the case, as made by the evidence, was given to the jury in a remarkably clear and concise manner, directing the jury to the precise matters in issue, as required by the Code of Criminal Procedure.

But it is insisted that the jury were not given in charge the whole law on the subject of the presumption of innocence.

The law is: The defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence; and, in case of reasonable doubt as to his guilt, he is entitled to be acquitted.   Code of Cr. Pro., Art. 640; Pasc. Dig., Art. 3105. The judge, in his charge to the jury, says: "In all criminal cases the defendant is presumed to be innocent; and, unless the jury are satisfied from the evidence of the guilt of the defendant beyond a reasonable doubt, they should acquit." This instruction, it is believed, is a substantial compliance with the requirements of the statute.    So far as the record discloses, there were no charges asked by the defendant which were not given as requested, the modification being written separately, and not by erasing, interlining, or defacing the charge.  If the defendant was not satisfied with the charge as given, it was

his privilege to have asked additional instructions. Pasc. Dig., Art. 3061. The court is not bound to give instructions not asked. *O' Connell* v. *The State*, 18 Texas, 363.

We are unable to discern any error in the charge of the court. On the contrary, we are of the opinion that the jury were properly instructed as to the law of the case, and in a manner as fair and reasonable as the defendant could have asked under the circumstances of the case.

There yet remains to be considered the alleged error in overruling the defendant's application for a continuance.

In the first place the accused is not in condition to avail himself of the alleged error here, because he failed to reserve the point on the trial below. The action of the court in refusing a continuance must be shown by bill of exceptions, or such action will not be noticed on appeal. *Townsend* v. *The State*, 41 Texas, 134; *Nelson* v. *The State*, decided by this court at the present term, and authorities there cited, *ante* p. 41; *Jones* v. *The State*, 40 Texas, 188.

We are unable to discern any errors committed on the trial of this cause in the district court to authorize a reversal of the judgment.

The judgment is affirmed.

*Affirmed.*