M. M. HINES *v.* THE STATE.

1. PRIVILEGE OF COUNSEL. — Whether, in addressing the jury, counsel may read law to them is a matter confided to the discretion of the court trying the cause.   This court will not revise the exercise of that discretion except in a clear case of its abuse.

2. ASSAULT WITH INTENT TO MURDER — CHARGE OF THE COURT. — In a case of assault with intent to murder, it is not incumbent on the court to charge

the law of aggravated assault, unless the evidence makes it requisite as part of the law applicable to the case.

3. SAME.—INDICTMENT for assault with intent to murder need not allege the weapon used by the accused.

APPEAL from the district court of Eastland. Tried below before the Hon. J. R. FLEMING.

The assault was made with a pistol, but the indictment did not allege that any particular weapon was used. The jury found the appellant guilty, and assessed his punishment at two years in the penitentiary.

*W. H. Griffin*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WINKLER, J. The appellant seeks the reversal of a judgment of conviction for an assault with intent to murder, on the following assignment of errors, to wit:

1. The court erred in not allowing the defendant's counsel to read law to the court and jury; and,

2. The court erred in the charge to the jury as specified in the defendant's bill of exceptions, and especially in wholly failing to define an aggravated assault, and in not setting forth the law applicable to the case; and,

3. In overruling the defendant's motions for a new trial and in arrest of judgment.

In arguing the first error assigned, counsel in his brief insists that in this state, "owing to the peculiar province of jury trials, the jury are in a great measure judges of both law and facts in criminal trials, and, such being the case, how can a jury be advised as to the law of the case when the same is not read to them nor in their hearing, nor commented on by counsel? Certainly such a practice has the effect to deprive the defendant of the benefit of counsel to represent him, and of a fair and impartial trial." This

argument is answered by the provisions of the Code of Criminal Procedure, as follows: " The jury are the exclusive judges of the facts in every criminal cause, but not of the law in any case. They are bound to receive the law from the court, and be governed thereby." Art. 593 (Pasc. Dig., art. 3058).

This, however, does not meet the precise question raised by the assignment of errors. We had occasion at the present term of the court to examine to some extent the authorities as to the right of counsel to read authorities in the argument of a cause before the court and jury, and in that instance this court held, on the authority of the case of *Wade* v. *De Witt*, 20 Texas, 398, and the authorities there cited, that " the whole subject is within the sound discretion of the court, and not subject to revision on appeal except in a clear case of abuse of such discretion." *Dempsey* v. *The State, ante*, p. 429.

In that case we quoted from the opinion in *Wade* v. *De-Witt* to this effect: " While the right of a party to be heard by his counsel on the trial of his cause is not to be questioned, and is often of great service in the investigation of both law and fact, yet, inasmuch as this privilege may be liable to abuse, to the great hindrance and annoyance of courts in the progress of business, the extent and manner of its exercise must in some measure rest in the sound discretion of the court. Although unlimited range and extent is not allowed to counsel in their addresses to the court and jury, yet no pertinent and legitimate process of argumentation, within the appropriate time allowed, should be restricted or prohibited. * * * It would be an abuse of this privilege, however, to make it the pretense of getting improper matter before the jury as evidence in the cause." So far as we can determine from the record in the present case, and especially from the instructions given by the presiding judge

to the jury as to the law of the case, we find no such abuse of the discretion given by law to the court as would warrant this court to interfere, and on this account we would not feel justified in reversing the judgment.

With reference to the second alleged error assigned, we quote from the case of *Holden* v. *The State*, 1 Texas Ct. App. 235. " It is evidently the intention of the framers of the law that the judge who presides at the trial of a felony shall take the responsibility of instructing the jury as to the law of that particular case. Whilst the jury are the exclusive judges of the facts, and an invasion of their prerogative cannot be allowed, yet they are not the judges of the law in any case. * * * If, however, the evidence should, in the mind of the judge, show that the accused is guilty in a less culpable degree, he should then charge as to the second degree of the offense ; and a case would not be reversed because of a refusal on the part of the judge to charge as to the lesser degrees of the offense unless it should appear from the evidence that such a charge should have been given." This ruling was based upon *Hudson* v. *The State*, 40 Texas, 12, and authorities cited, and *Jones* v. *The State*, 40 Texas, 188, and furnishes the correct rule by which to test the sufficiency of the charge of the court in the present case.

It would be a sufficient answer to the error assigned to say that, from the evidence as set out in the statement of facts, we find nothing so imperatively demanding a charge on the subject of an aggravated assault as would warrant a reversal of the judgment because of a failure to charge on that subject. But an inspection of the record discloses that the jury were sufficiently instructed as to an aggravated assault and self-defense under the proofs, and nothing is shown to call for a charge as to simple assault. The charge submitted to the jury the law of the case clearly, and as favor-

ably to the accused as the testimony warranted, and is not obnoxious to the criticism contained in the defendant's bill of exceptions.

In so far as the third error assigned relates to the overruling of the motion for a new trial, we need only here say that the first five grounds set out in the motion relate to the first two assignments of error, and have been considered already so far as deemed necessary. The verdict is not without a sufficiency of testimony to support it. The indictment is sufficient to charge the offense for which the accused was tried and convicted.

In *Croft* v. *The State*, 15 Texas, 571, it was held that, in an indictment for an assault with intent to murder, it is not necessary to state the instrument or means made use of by the assailant to effectuate the murderous intent. The means of effecting the criminal intent, or the circumstances of the design with which the act was done, are considered to be matters of evidence to the jury, to demonstrate the intent, and not necessary to be incorporated in the indictment — citing Whart. Cr. Law, 467. The case of *Martin* v. *The State*, 40 Texas, 19, is to the same effect. See, also, *Browning* v. *The State*, 2 Texas Ct. App. 49, and *Burton* v. *The State*, decided at the present term, and authorities there cited, *ante*, p. 408. Under these authorities the indictment in the present case must be held sufficient.

The court did not err in overruling either the motion for a new trial or that in arrest of judgment.

*Affirmed.*