SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY v.
FRED L. KLAUS.

Decided February 10, 1904.

**1.—Practice on Appeal—Motion—Bill of Exception.**

In order that the ruling of the trial court in refusing a motion to with-draw a case from the jury trying it and submit it to another or continue may be revised, a proper bill of exceptions to the action of the court must be taken.

**2.—Same.**

An exception noted in an order refusing a motion can not take the place of a bill of exceptions showing all the facts on which the court acted, though the motion was supported by affidavit which the record does not show to have been controverted.

**3.—Master and Servant—Negligence.**

Facts attending the injury of a fireman on railway engine from defects in the fastening of the apron covering space between the engine and the tender considered and held to support a finding of negligence by the master and due care by the injured servant.

**4.—Charge—Undue Repetition.**

The cases in which charges have been held erroneous because giving un-due emphasis by repetition are those of charges embodying specifically cer-tain facts and thereby giving them too much prominence; a charge which merely repeats legal principles is not on the weight of evidence.

**5.—Charge—Omission.**

A charge which merely directed a verdict for defendant in case certain facts were found to exist was not to his prejudice.

Appeal from the District Court of Bexar.   Tried below before Hon. J. L. Camp.

*Houston Bros.* and *R. J. Boyer,* for appellant.

*H. C. Carter* and *Perry J. Lewis,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This is a suit by appellee to recover damages for personal injuries alleged to have been inflicted upon him by the negligence of appellant while he was in its service as a locomotive fireman.

The defendant answered by a general denial, pleas of assumed risk, and contributory negligence.

The trial of the case resulted in a verdict and judgment in favor of the plaintiff for $8000.

*Conclusions of Fact.*—On the 18th day of April, 1901, the plaintiff was in the employ of the defendant as a locomotive fireman, and while in the act of shoveling coal into the fire box of an engine drawing a freight train, the apron, which covers a space between the deck of the engine and its tank, slipped and caused his leg to slip between the en-gine and tank, and his body was thrown backward with great force, thereby seriously injuring his back, bruising his leg and wrenching his hip joint, injuring his nervous system, causing partial paralysis, pain-

ful, serious and permanent injuries, to his damage in the sum of $8000. His injuries were proximately caused by the negligence of defendant, and not through any risk assumed by plaintiff incident to the duties of his employment, nor any negligence on his part contributing in any way to such injuries.

The evidence upon which these conclusions are based may be thus summarized: The apron upon which the plaintiff was standing and at work is a piece of sheet iron that covers the space between the engine and tender. Such an apron, when in proper and safe condition, is fastened to the engine by means of hangers which are attached to the sides of the engine sill. These hangers are bolted in place, each having two bolts; in the top of the hanger is an eye, and on the side of the apron a pin is riveted which goes into the eye of the hanger, thus forming a hinge so the apron can be raised up and down, the pin turning in the eye of the hanger. When down the apron lies over the tender covering the space between it and the engine. From the engine and tender upon which plaintiff was at work one bolt from each of the hangers was gone and the remaining bolt of each was loose, which gave the hangers such play as to cause the pins in the eyes of the hangers to work out and the apron to slip between the engine and tank. These conditions resulted from the negligent failure of the defendant to exercise ordinary care to have the apron securely fastened, or to make such inspection as would be reasonably sufficient to enable it to determine whether or not it was properly or securely fastened. It was no part of the duty of plaintiff's employment to see that the apron upon which he was at work was properly and securely fastened. Its defective fastening and dangerous condition were unknown to him until after the occurrence of the accident, and were not so apparent to such ordinary observation as would charge him with knowledge of such defective and dangerous conditions. There is no evidence whatever tending to show that plaintiff was guilty of any negligence proximately contributing to his injuries.

*Conclusions of Law.*—1. The first assignment of error, which complains that the court erred in overruling defendant's motion to withdraw the case from the jury and either permit it to be tried by another jury or to be continued, can not be considered, because no bill of exceptions was taken to the action of the court. It is uniformly held in this State that in order to revise the ruling of the trial court in refusing or granting a motion to postpone or to continue, a proper bill of exceptions must be taken to the action of the court. Campion v. Angier, 16 Texas, 93; Harrison v. Cotton, 25 Texas, 54; McMahan v. Busby, 29 Texas, 195; Railway Co. v. Hardin, 62 Texas, 367; Phillipowski v. Spencer, 63 Texas, 604; Railway Co. v. Mallon, 65 Texas, 115; Waites v. Osborne, 66 Texas, 648; Owens v. Railway Co., 67 Texas, 683; Sulphur Springs v. Weeks (Texas Sup.), 18 S. W. Rep., 489; Alamo Fire Ins. Co. v. Lancaster, 28 S. W. Rep., 126; Simpson v. Texas Tram and Lumber Co., 51 S. W. Rep., 655. The exception noted in the order

refusing the motion can not be taken in lieu of a proper bill of exceptions. Simpson v. Lumber Co., 51 S. W. Rep., 655; Insurance Co. v. Lancaster, 28 S. W. Rep., 126. The correctness of the ruling of a trial court upon such a motion necessarily depends upon such facts as are either known to the trial judge of his own knowledge, or shown by the evidence introduced upon such motion, and in the absence of a bill of exceptions incorporating such facts an appellate court is in no attitude to review the ruling of the trial court, and must presume that the matters within its knowledge fully authorized such ruling. International & G. N. Ry. Co. v. Stewart, 57 Texas, 166; Ponton v. Bellows, 13 Texas, 254.

2. The first and second paragraphs of the court's charge are as follows:

"1. An employe of a railway company assumes the risk which is ordinarily incident to the business; but he does not assume any risk which may be begotten by the company's negligence, unless he knew of such risk or in the ordinary discharge of his own duty must necessarily have acquired such knowledge.

"2. It is the duty of a railway company to exercise ordinary care to furnish its servants with reasonably safe and suitable appliances with which to perform the duties required of them; and when a person enters the employment of a railway company he has the right to rely upon the assumption that the appliances which he is called upon to use are reasonably safe, and he is not required to use ordinary care to see whether this has been done or not, and he does not assume the risk arising from the failure of the railway company to do its duty, if there is a failure, unless he knew of the failure and the attendant risk, or in the ordinary discharge of his own duty, must necessarily have acquired such knowledge."

The latter paragraph is complained of as error, and the proposition asserted under the assignment is as follows:

"It is improper for a court by repetitions to place a principle of law involved in the case too prominently before the jury, and a violation of this rule will require a reversal when the repetition indicates the opinion of the court upon the facts."

The soundness of the principles of law embodied in the charge complained of, applicable to the facts in this case, is not and can not be called in question. Railway Co. v. Wade, 45 S. E. Rep., 915; Railway Co. v. Hannig, 91 Texas, 347, 43 S. W. Rep., 508; Railway Co. v. Bingle, 91 Texas, 287, 42 S. W. Rep., 971; Railway Co. v. O'Fiel, 78 Texas, 486, 15 S. W. Rep., 33; Railway Co. v. Engelhorn (Texas Civ. App.), 62 S. W. Rep., 561; Railway Co. v. Winton (Texas Civ. App.), 66 S. W. Rep., 481; Railway Co. v. Davis (Texas Civ. App.), 65 S. W. Rep., 217; Railway Co. v. Lindsey, Id., 669; Railway Co. v. Abbey (Texas Civ. App.), 68 S. W. Rep., 293; Railway Co. v. Buch (Texas Civ. App.), 65 S. W. Rep., 681; Railway Co. v. Newport, Id., 657; Railway Co. v. Blackman (Texas Civ. App.), 74 S. W. Rep., 74; Finnerty v. Burnham

(Pa.), 54 Atl. Rep., 996; Whitaker's Smith on Neg., p. 155, and authorities cited in note d, p. 157; Texas & P. Ry. Co. v. Archebold, 170 U. S., 655, 42 L. Ed., 1188; Railway Co. v. McDade, 191 U. S., —, 48 L. Ed., 24. But the complaint is that the principles of law are announced too prominently.

The cases where such an objection has been sustained have been those in which the charge embodied specifically the issuable facts, and, if found by the jury, announced the principles of law applicable to them. A repetition of such a charge in such a manner as to give undue prominence to the specific facts and the law arising from them in such a way as to weaken other facts and principles of law equally applicable, and indicate to the jury that, in the opinion of the court, such issues and the law announced should control them in their verdict, is held erroneous for the reason that it is analogous to a charge upon the weight of the evidence. The charge under consideration, while applicable to the case made by the evidence, does not embody any of the issuable facts, and does not and, from its very nature, can not indicate the opinion of the court upon them. The subsequent paragraphs of the charge correctly apply the principles of law announced in the one complained of to the evidence in the case, and leave it for the jury to determine the existence or nonexistence of such facts as the principles are applicable to. Besides, such principles of law announced in the second paragraph as are included in the first are necessary to the qualification of the rule there announced that "an employe of a railway company assumes the risk which is ordinarily incident to the business." Such rule, when applied to the facts in this case, would have been incomplete without such limitation, and such qualification of the rule was inseparably and necessarily connected with the other principles of law stated in the second paragraph. Such paragraph would not have been complete without it.

3. The fourth paragraph of the charge, in which the court instructed the jury that if they found defendant used ordinary care to see that the apron was securely fastened, or that it was reasonably safe for the use of plaintiff in the discharge of his duties as fireman, they should find for plaintiff, simply declares a duty imposed by law upon the defendant, and if discharged required a verdict in its favor. In no sense can such portion of the charge be considered erroneous or prejudicial to the company.

4. The fourth assignment is directed to that paragraph of the charge in which is stated the principles for the guidance of the jury in measuring the damages sustained by plaintiff. It is in the very language of charges given in cases of this character which have been approved time and again by the courts of last resort in this State. Traction Co. v. Welter, 8 Texas Ct. Rep., 788; Railway Co. v. Morrison, 93 Texas, 227; Traction Co. v. White, 94 Texas, 468. The same objections to the identical charge was made by the appellant in the Welter case, in which a writ of error was denied by the Supreme Court.

5. Our conclusions of fact dispose of the remaining assignments of error adversely to the appellant. The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

It is insisted in this motion that we erred in refusing to consider appellant's first assignment of error which complains that the trial court erred in overruling defendant's motion to withdraw the case from the jury and permit it to be tried by another jury, or continued, because said motion is supported by the affidavit of counsel for appellant, and the record does not show that the motion was controverted or demurred to, or that any testimony was introduced upon the hearing of said motion.

It is a general rule that all matters which do not constitute a part of the record proper at common law or by statute must be brought in the record by a bill of exceptions or its equivalent, as a statement of facts. To illustrate: Instructions of the court to the jury, orders overruling a motion for a new trial, at common law from no part of the judgment roll and are only in this State made a part of the record by statute. Orders of the court made during the progress of trial of the cause are ordinarily no part of the record proper, and must be brought in by bill of exceptions. 2 Enc. of Pl. and Prac., pp. 268-269. Motions of various kinds made during the progress of the cause, and the rulings of the court granting or denying them, must, in order to be reviewed on appeal, be taken up by bills of exceptions. 3 Enc. of Pl. and Prac., p. 392. We have no statute in this State that authorizes a motion, such as the one under consideration, to be considered as a part of the judgment roll or take it out of the operation of the rule, that in order for the court's action upon it to be reviewed it must be brought into the record by a bill of exceptions.

The motion is based upon matters that occurred during the trial in the presence and observation of the court, and of which it was fully informed of its own knowledge and observation, and the correctness of its ruling necessarily depended upon such matters as it was fully cognizant of, and in the absence of a bill of exceptions setting out all of the facts upon which the court's ruling upon the motion was based, this court has no authority to revise or review the action of the trial court upon such matters. The presumption of law is in favor of the correctness of the judgment until the contrary is shown, and this court not being in possession of all the facts which were known to the trial court, can not review its ruling.

The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.