### GAYLE v. GAYLE.

(Court of Civil Appeals of Texas. San Antonio. June 4, 1913.)

1. APPEAL AND ERROR (§ 257*)—QUESTIONS REVIEWABLE — DENIAL OF CONTINUANCE — BILL OF EXCEPTIONS.

Overruling of an application for a continuance cannot be reviewed on appeal, where no bill of exceptions was taken to the ruling.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1494–1497; Dec. Dig. § 257.*]

2. APPEAL AND ERROR (§ 742*) — QUESTIONS REVIEWABLE — ASSIGNMENTS OF ERROR — STATEMENTS.

An assignment of error complaining of the ruling on evidence, not followed by a statement indicating what the evidence was, will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Bexar County; R. H. Ward, Judge.

Action by R. A. Gayle against Lorena V. Gayle. From a judgment for plaintiff, defendant appeals. Affirmed.

Cline & Reynolds, of San Antonio, for appellant. David J. Powell, of San Antonio, for appellee.

FLY, C. J. This is a suit for divorce instituted by appellee against his wife, the appellant, on the ground of excesses, cruel treatment, and outrages of such a nature as to render their living together insupportable. A trial by jury resulted in a verdict and judgment dissolving the bonds of matrimony.

[1] The first assignment of error complains of the action of the court in overruling an application for continuance. It cannot be sustained because no bill of exceptions was taken to the action of the court in overruling the application. Campion v. Angier, 16 Tex. 93; Harrison v. Cotton, 25 Tex. 54; Jones v. State, 40 Tex. 188; Morris v. Files, 40 Tex. 374; Knights of Golden Rule v. Rose, 62 Tex. 321; Railway v. Klaus, 34 Tex. Civ. App. 492, 79 S. W. 58. If the application for continuance was ever acted upon by the court, the record fails to show it.

[2] The second, third, and fourth assignments of error are not followed by statements, and nowhere in the brief is there anything to indicate what the testimony was of which complaint is made. Assignments not followed by statements will not be considered. It is not shown in the brief that bills of exception were taken to the testimony that is assailed. A reference to the bills of exception shows that the testimony complained of is not set out in them, or either of them.

What are denominated the twelfth and thirteenth assignments of error are not found in the record among the assignments of error, and it is stated that neither of them is among the assignments of error, but that they are contained in what is called a "supplemental motion for new trial." No such paper appears in the record, unless the amended motion for new trial is intended. We find in the amended motion for new trial a complaint of the sufficiency of the evidence, and, while there is really no assignment of error and no statement thereunder, we have carefully read the statement of facts and have arrived at the conclusion that the evidence was sufficient to sustain the decree of divorce, if it was true, and the trial judge has so found it.

The judgment is affirmed.