DALLAS WASTE MILLS v. TEXAS CAKE & LINTER CO.   (No. 7948.)

(Court of Civil Appeals of Texas. Dallas. June 1, 1918. Rehearing Denied June 29, 1918.)

1. SALES ☞440(3) — REJECTION OF GOODS — EVIDENCE.
In action for failure to deliver goods according to sample, evidence that part of goods accepted were not equal to sample, though showing good faith in making rejections, was not admissible to show quality of that rejected.

2. WORDS AND PHRASES—"GOOD FAITH."
Good faith, aside from any peculiar significance it may have in relation to property rights, denotes honesty of purpose, and is said to be a state of the mind.
[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Good Faith.]

3. TRIAL ☞60(1)—RECEPTION OF EVIDENCE —FOUNDATION.
In action for failure to deliver goods according to sample, evidence held to sufficiently identify the samples to authorize their admission in evidence.

4. TRIAL ☞193(1) — INSTRUCTIONS — REPETITION.
Burden of proof being a legal principle, not a fact issue, the repetition of such principle in instructions cannot mislead the jury into the belief that the court entertained views on fact issues adverse to plaintiff.

5. TRIAL ☞194(13)—INSTRUCTIONS—WEIGHT OF EVIDENCE.
In action for damages for failure to deliver goods according to sample, a charge that it appeared that a sufficient amount had been tendered held not erroneous as upon the weight of the evidence.

6. SALES ☞179(3)—ACCEPTANCE—WAIVER.
Where goods were to be delivered within a certain time, acceptance of the goods delivered after such time bars a suit for damages for failure to deliver on time.

7. SALES ☞418(2)—FAILURE TO DELIVER— MEASURE OF DAMAGES.
In a contract for 600 bales of linters, "each car to be considered a separate contract," measure of damages for nondelivery, purchaser having rejected part of the cotton, would be the difference between the price agreed to be paid and the prevailing market price on the date in which the tender of each car was made.

8. APPEAL AND ERROR ☞1068(4)—HARMLESS ERROR.
In action for failure to deliver goods rejected after tender because not up to sample, any error in affixing the measure of damages was immaterial where jury found that property tendered was of standard agreed upon.

9. SALES ☞441(3) — ACTION BY BUYER — QUALITY OF GOODS.
In action for damages for failure to deliver goods according to sample, evidence held sufficient to sustain finding that property tendered was equal to standard agreed upon.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by the Dallas Waste Mills against the Texas Cake & Linter Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Spence, Haven & Smithdeal, of Dallas, for appellant. Marshall & Young, of Dallas, for appellee.

RASBURY, J. Appellant sued appellee in the court below for damages, alleging in substance that appellee sold appellant 600 bales of cotton linters of an agreed quality to be delivered during the months of May and June, 1915, at the price of 3 cents per pound f. o. b. cars at mills, 257 bales of which appellee failed to deliver, and which were on the final day for delivery of the market value of 4 cents per pound f. o. b. cars at mills, by reason of which appellant was damaged $1,285, being the difference in the contract price and the market value of said linters when the time for delivery expired. Appellee answered by general denial, and specially that it tendered to appellant for delivery 600 bales of linters of the quality called for by the contract, of which number appellant rejected 257 bales without cause. The case was submitted to the jury upon issues of fact in the form of interrogatories for special verdict, who, in substance, found that each bale of linters tendered to appellant was equal to the quality agreed on. Upon the verdict of the jury judgment was for appellee, from which this appeal is taken.

The contract out of which the controversy arose was in writing and in the form of let-

ters addressed by both parties to the other, and provided, among other matters, compositely in substance that the appellee had sold appellant 600 bales of clean mill run linters, made from sound seed, and equal to sample exhibited, a portion of which was retained by each party, at 3 cents per pound f. o. b. mills, to be shipped in 25-bale lots from mills during May and June of the current year, accompanied by sight draft with bill of lading attached, without right of cancellation, save by mutual agreement, and that appellant had agreed to purchase same on such terms. Each car was to constitute a separate contract. On June 11, 1915, appellee tendered to appellant for delivery 220 bales of linters, of which 71 were accepted and 144 rejected. On June 23, 1915, 219 bales were tendered for delivery, of which 111 were accepted and 108 rejected. On June 30, 1915, 100 bales were tendered and accepted. On July 23, 1915, 61 bales were tendered and accepted. The evidence adduced by appellant tended to show that the linters rejected were not of the quality purchased and agreed to be delivered, while the evidence adduced by appellee tended to show that they were. The foregoing is a sufficient specification of the facts in view of the issues presented on appeal, save such other facts as may be related in discussing the issues.

[1, 2] Error is assigned because of the refusal of the court to permit Stenger, witness for appellant, and who inspected the linters when tendered, to testify that some of the linters actually accepted were not equal in quality to the sample agreed upon. The contention is that the testimony was admissible as tending to show the good faith of appellant in making rejections. We conclude the evidence was properly excluded. The issue on which the case turned was whether the linters rejected by appellant were of the quality agreed upon by the parties. The evidence excluded amounted to no more nor less than that some of the linters actually accepted by appellant and about which there was no controversy were not of the quality agreed upon. Obviously such evidence did not tend to prove that those rejected were not of the agreed quality. Appellant argues, however, that since appellee's witnesses testified that at the time the rejections were made the market price was below the contract price, thereby raising the issue of appellant's good faith in rejecting the linters, as a consequence the evidence was admissible on that issue. Good faith, aside from any peculiar significance it may have in relation to property rights, denotes honesty of purpose, and is said to be a state of the mind. It might be conceded that the witness who testified as an expert acted in good faith, both in accepting and in rejecting the linters, and yet it would in no sense follow that his rejection was justified, since his sincerity in arriving at a conclusion upon a given state of facts is not, it appears to us, a standard for proving a given fact. The result would be to corroborate his conclusion by his sincerity of purpose concerning another transaction.

[3] Error is assigned to the action of the court in admitting in evidence what purported to be samples taken from the bales of linters rejected by appellant for the purpose of showing that the linters rejected were equal to the sample agreed on as a standard. The contention is that the samples admitted in evidence were not shown to have been taken from the rejected bales of linters. The witness Sansen testified in substance that he took samples of the linters from the rejected bales, leaving part of them on the bales and taking several, which were considered representative of the lot, into the office of appellee. He instructed McCullough, an employé of appellee, to bring the remainder into the office and mark same, which he did. He could not say that the samples offered in evidence were the identical samples originally taken from the bales and carried into the office. E. H. Young testified that he had seen the samples offered in the testimony before trial, and that they were those brought into the office by McCullough or Sansen, and that they had been in the office of appellee unwrapped from that time until trial. We conclude the samples were sufficiently identified to admit them in evidence. Sansen testified to taking them from the bales and carrying a portion into the office of appellee, and to sending McCullough for the balance, and to the return of McCullough therewith. Young identified them as the identical samples deposited in the office of appellee by Sansen and McCullough, where they had remained wrapped since that time. Certainly the identity was traced with such reasonableness as authorized their admission in evidence for whatever weight the jury might attach thereto.

[4] Error is assigned in respect to the court's charge on the burden of proof. The court charged twice on that issue, and the contention is that such action was prejudicial to appellant, because emphasizing that issue. Preliminary to submitting to the jury the issues of fact in the form of interrogatories the court instructed the jury in a general way that it was the duty of the appellee under the contract to deliver to appellant 600 bales of linters of the quality therein specified, etc., then submitting the interrogatories, following which the jury was told that the burden of proof was upon appellant to make out his case by a preponderance of the evidence. At request of appellee the court further instructed the jury that the burden of proof was also upon the appellant to show the number of bales of linters that appellee failed to deliver in accordance with the contract. There is no contention that the burden was not on appellant to show by a preponderance of the evidence the number of bales of linters not in compli-

ance with the contract; only that twice the jury were told that the burden of proof was upon the appellant. It is not to be denied that issues of fact may be given undue prominence or emphasis by constant repetition so as to obviously mislead the jury into the natural conclusion that such issues are considered by the court of marked or controlling importance. The difficulty in applying the rule in the present case lies in the fact that the burden of proof is a legal principle, not a fact issue, and the repetition of a legal principle could not, it occurs to us, mislead the jury into the belief that the court entertained views on fact issues adverse to appellant. A charge upon the burden of proof in its very nature fails to indicate the opinion of the court upon the facts. San Antonio & A. P. Ry. Co. v. Klaus, 34 Tex. Civ. App. 492, 79 S. W. 58. It is but a direction to them to remember in considering and passing on the facts that it is the duty of the plaintiff to sustain his facts by a preponderance of the evidence.

[5, 6] The court charged the jury by way of premise that it appeared without dispute in the evidence that appellee tendered appellant 600 bales of linters. Following the charge an interrogatory was submitted to the jury inquiring whether the linters tendered were of the quality agreed upon as a standard. Appellant urges that the charge is erroneous, and upon the weight of the evidence, because it appears without dispute in the evidence that appellee did not tender 600 bales of linters during the life of the contract. As appears from our statement of the case appellee offered for delivery 600 bales of linters, all but 61 thereof being tendered during May and June. The 61 bales were tendered in July, after the time agreed upon had expired. However, those tendered in July or after the expiration of the time set for performance of the contract were accepted by appellant. Obviously appellant could not accept the linters after the time fixed for delivery, and yet maintain a suit for damages for failure to deliver. If time was of the essence of the contract it was waived by the acceptance.

[7, 8] As appears from the facts recited tenders of linters for delivery were made June 11th, 23d, 24th, and 30th, which was before the time for delivery had expired under the contract. Some were accepted and some rejected. At the request of appellee, and for the purpose of measuring appellant's damages, the court interrogated the jury as to what was the market value of the quality of linters agreed to be delivered to appellant at the respective dates of said tenders. The complaint is that since appellant's damage was the difference between the contract price and the market price of the linters on the last day on which appellee could have complied therewith the question referred to the jury was improper. In connection with the issue so presented the contract provided that "each car is to be con-

sidered a separate contract." If that provision has any meaning it is that upon each tender, wherein the linters fail to equal the standard agreed upon, the measure of damages would be the difference between the price agreed to be paid and the prevailing market price on the day on which the tender was made. Further, the jury having found that the linters actually tendered were of the standard agreed upon and appellant as a consequence not entitled to recover at all, any error in fixing the measure of damages is immaterial.

[9] It is finally contended that the finding of the jury that the linters tendered by appellee were equal to the standard agreed upon is without support in the evidence. The contract provided that the linters should be clean, mill run linters, made from sound seed and equal to sample. The witness Sansen testified that the sample agreed upon was of average clean, mill run linters. This witness in substance further testified that the linters tendered appellant were "clean, mill run linters made from sound seed." The witness Earnest in substance testified that the linters tendered appellant were clean, mill run linters made from prime seed. The foregoing is in our opinion sufficient, under the rule in such cases, to sustain the finding complained of.

Finding no reversible error in the record, the judgment is affirmed.

---

⊜=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes